**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEF REED,

     Plaintiff,

v.                                      Case No.: 26-1354

PROGEN INDUSTRIES LLC,
a Florida limited liability company,
ANDREW S. WILLIAMSON, an individual,
JOHN B. MANNING, an individual,
GARRETT K. WILLIAMSON, an individual,
DONNA H. SHOLAR, an individual,
and W. WADE MANNING, an individual,

     Defendants.

_____/

## <u>COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, AND DEMAND FOR JURY TRIAL</u>

Plaintiff, JOSEF REED ("Plaintiff"), by and through undersigned counsel, sues Defendants PROGEN INDUSTRIES LLC ("ProGen"), ANDREW S. WILLIAMSON, JOHN B. MANNING, GARRETT K. WILLIAMSON, DONNA H. SHOLAR, and W. WADE MANNING (collectively "Defendants"), and states:

### <u>INTRODUCTION:</u>

1. This is an action for damages and equitable relief arising from Defendants' unlawful failure to pay earned wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Florida law.

1

2. Defendants required Plaintiff to perform work, including continued participation in daily company meetings and ongoing job duties, while failing to pay him any wages for several months.

3. As a result, Defendants owe Plaintiff unpaid wages calculated at Plaintiff's agreed biweekly salary of $3,269.24 for each unpaid biweekly pay period after September 26, 2025, plus liquidated damages, prejudgment interest where permitted, attorney's fees, costs, and other available relief.

4. While failing to pay employees, Defendants, upon information and belief, diverted company funds for personal enrichment, including luxury purchases, travel, and payments to family members, including those who worked as ProGen employees.

## JURISDICTION, VENUE, AND PARTIES:

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District, and Defendants reside in and/or conduct business in Polk County, Florida, which is within the Middle District of Florida.

8. Plaintiff JOSEF REED is an individual residing in Polk County, Florida.

9. Defendant PROGEN INDUSTRIES LLC is a Florida limited liability

company doing business in Mulberry, Polk County, Florida.

10. Defendant ANDREW S. WILLIAMSON is an individual residing in Polk County, Florida, who exercised operational control over ProGen, including authority over employee compensation.

11. Defendant JOHN B. MANNING is an individual residing in Polk County, Florida, who exercised operational control over ProGen, including authority over employee compensation.

12. Defendant GARRETT K. WILLIAMSON is an individual residing in Polk County, Florida, who exercised operational control over ProGen, including authority over employee compensation.

13. Defendant DONNA H. SHOLAR is an individual residing in Polk County, Florida, who exercised operational control over ProGen, including authority over employee compensation.

14. Defendant W. WADE MANNING is an individual residing in Polk County, Florida, who serves in a leadership role within ProGen and exercises operational control over company operations and financial affairs.

15. At all relevant times, Defendants acted directly or indirectly in the interest of ProGen in relation to Plaintiff's employment and are jointly and severally liable.

16. At all relevant times, Defendants ANDREW S. WILLIAMSON, JOHN B.

MANNING, GARRETT K. WILLIAMSON, DONNA H. SHOLAR, and W. WADE MANNING exercised control over the terms and conditions of Plaintiff's employment, including compensation decisions, and are therefore "employers" within the meaning of the FLSA.

## STATEMENT OF FACTS:

17. On or about August 28, 2024, Donna H. Sholar, as VP of Human Resources for ProGen, extended Plaintiff a written offer of employment for the position of Project Manager for annual compensation of approximately $85,000.00, to be paid as a biweekly salary of $3,269.24. A copy of Plaintiff's written offer of employment is attached hereto as Exhibit A.

18. Plaintiff accepted the written offer of employment and commenced employment on or about September 2024.

19. Plaintiff was paid on a biweekly basis throughout his employment. In 2025, Plaintiff received regular biweekly payments from ProGen, with net payments/deposits generally ranging from approximately $2,739.98 to $3,019.14 per pay period.

20. Plaintiff and ProGen agreed that Plaintiff would be compensated for his work, as reflected in ProGen's written offer of employment attached hereto as Exhibit A.

21. Plaintiff performed work for Defendants, including attending daily meetings

and fulfilling assigned job duties.

22. Plaintiff regularly performed work for Defendants, including after Defendants stopped paying him wages.

23. Plaintiff's last regular biweekly payday was September 26, 2025.

24. Defendants failed to pay Plaintiff for work performed after September 26, 2025, while continuing to require and permit Plaintiff to perform work without compensation.

25. Although Plaintiff received a payment on or about October 17, 2025, that payment was for work performed during a prior pay period and did not compensate Plaintiff for work performed after September 26, 2025.

26. After Defendants stopped paying Plaintiff, Plaintiff continued clocking in and clocking out through Defendants' timekeeping system. Plaintiff also submitted time corrections during the unpaid period, which Defendants accepted and approved.

27. Plaintiff continued attending daily company meetings and performing work at Defendants' direction despite not being paid.

28. Defendants have failed to pay Plaintiff any portion of the wages owed during this period.

29. As a result, Defendants owe Plaintiff unpaid wages based on his agreed

biweekly salary of $3,269.24 for each unpaid biweekly pay period after September 26, 2025.

30. Defendants claimed that non-payment was due to lack of funds.

31. However, upon information and belief, Defendants simultaneously engaged in significant personal expenditures, including:

a. Purchasing a ranch valued at approximately $10 million;

b. Engaging in international travel, including recreationally;

c. Maintaining multiple company locations and operational expenses;

d. Paying family members employed by the company; and

e. Pursuing acquisition of additional commercial properties.

32. Upon information and belief, Defendants diverted company funds for personal use rather than paying employee wages.

33. Defendants repeatedly represented that payment would be made in the future.

34. Plaintiff relied on these representations and continued performing work.

35. Defendants' failure to pay wages is willful and intentional.

36. As a direct result, Plaintiff has suffered significant financial harm. Plaintiff's unpaid wages are calculated based on his agreed biweekly salary of $3,269.24 and the number of unpaid biweekly pay periods after September 26, 2025. Plaintiff also seeks liquidated damages under the FLSA, prejudgment interest where permitted,

6

attorney's fees, costs, and all other damages and relief available under federal and Florida law.

**<u>COUNT I:</u>**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
*(Against All Defendants)*

37. Plaintiff re-alleges paragraphs 1–36.

38. Defendant ProGen is a covered employer within the meaning of the FLSA because it has annual revenue in excess of $500,000 and is an enterprise engaged in interstate commerce.

39. Defendants, including the individual Defendants, qualify as "employers" under the FLSA because they exercised operational control over Plaintiff's employment and compensation.

40. Upon information and belief, Defendants operated multiple business locations, employed multiple employees, and engaged in commercial activities affecting interstate commerce.

41. Plaintiff is an employee entitled to FLSA protections.

42. Plaintiff performed work but was not compensated.

43. Plaintiff was a non-exempt employee, or alternatively, Defendants' failure to pay any wages destroyed any claimed exemption.

44. Defendants failed to pay minimum wage.

45. Defendants failed to pay Plaintiff any salary during weeks in which he

performed work, thereby destroying any exemption.

46. Defendants' violations of the FLSA were willful.

### COUNT II:
### BREACH OF CONTRACT
*(Against ProGen)*

47. Plaintiff re-alleges paragraphs 1–36.

48. Plaintiff and ProGen entered into an employment agreement, as reflected in

Plaintiff's written offer of employment, which he signed upon beginning

employment. An unsigned version is attached hereto as Exhibit A.

49. Plaintiff performed all required duties.

50. ProGen breached the agreement by failing to pay wages.

### COUNT III:
### BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
*(Against ProGen)*

51. Plaintiff re-alleges paragraphs 1–36, 47-50.

52. ProGen had a duty to act in good faith in performing the employment

agreement.

53. ProGen intentionally failed to pay wages while continuing to require work.

54. This conduct constitutes bad faith.

### COUNT IV:
### QUANTUM MERUIT
*(Against All Defendants)*

55. Plaintiff re-alleges paragraphs 1–36.

8

56. This Count is pled in the alternative to Count II and to the extent Plaintiff's written offer of employment is deemed not to constitute an enforceable contract within the meaning of Florida law.

57. Defendants were aware that Plaintiff was providing services to ProGen and acquiesced to Plaintiff's provision of those services.

58. Defendants were aware that Plaintiff expected to be compensated for those services as reflected in the written offer of employment attached hereto as Exhibit A.

59. Defendants accepted the benefit of Plaintiff's labor, including Plaintiff's continued participation in daily company meetings and performance of assigned job duties after Defendants stopped paying him wages.

60. Defendants were unjustly enriched by the services Plaintiff provided without compensation.

**COUNT V:**
**FRAUDULENT INDUCEMENT**
*(Against All Defendants)*

61. Plaintiff re-alleges paragraphs 1–36.

62. Defendants represented that Plaintiff would be paid.

63. At the time, Defendants knew they lacked the intent and/or ability to pay.

64. Defendants induced Plaintiff to continue working without compensation.

65. Plaintiff relied on these representations.

9

66. Plaintiff suffered damages.

## COUNT VI:
### UNJUST ENRICHMENT
*(Against All Defendants)*

67. Plaintiff re-alleges paragraphs 1–36.

68. Plaintiff conferred a benefit through his labor.

69. Defendants accepted the benefit.

70. Defendants failed to compensate Plaintiff.

## COUNT VII:
### CONVERSION
*(Against All Defendants)*

71. Plaintiff re-alleges paragraphs 1–36.

72. Plaintiff had a right to earned wages.

73. Defendants wrongfully withheld those wages.

74. Defendants exercised dominion over Plaintiff's funds.

75. Plaintiff suffered damages.

## COUNT VIII:
### ACCOUNTING
*(Against All Defendants)*

76. Plaintiff re-alleges paragraphs 1–36.

77. Defendants controlled financial information necessary to determine amounts owed.

78. Due to Defendants' representations regarding finances and diversion of

funds, an accounting is necessary.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, awarding unpaid wages calculated at Plaintiff's agreed biweekly salary of $3,269.24 for each unpaid biweekly pay period after Friday, September 26, 2025, liquidated damages under the FLSA in an amount equal to unpaid wages, prejudgment interest where permitted, attorney's fees, costs, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL:

Plaintiff demands trial by jury.

Dated this 7th of May, 2026.

Respectfully submitted,

*/s/ Charlotte F. Kelly, Esq.*
Charlotte F. Kelly, Esq.
FBN: 90105
**Fernee Kelly Law**
14502 N. Dale Mabry Hwy Ste. 200
Tampa, FL 33618
(813) 315-3981
charlotte@ferneekellylaw.com
contactus@ferneekellylaw.com
*Counsel for Plaintiff Josef Reed*

11

# EXHIBIT A

*Written Offer of Employment*



August 28, 2024

Mr. Josef Reed

Lakeland  FL

Dear Josef Reed

It is with pleasure that Progen Industries, LLC offers you the position of Project Manager.  This offer is contingent upon your passing the pre-employment screening procedures to be arranged and paid by Progen Industries, as well as your ability and commitment to meet all requirements outlined in the attached job description.

This full-time position offers a biweekly salary of $3,269.24, which is the equivalent of **$85,000 (eighty-five thousand dollars)** on an annual basis, and you will report to **Garrett Williamson PMP, VP of Project Management**.  This full-time position is considered exempt under the federal and state wage and hour laws, which means you are not eligible for overtime pay beyond your salary.  Your targeted start date is no later than **August 29th** at 8:00 a.m., however this is based on the outcome of your pre-employment screenings.

Progen uses a 90-day probation time frame for new employees.  This time frame lets you assess your readiness for the position as well as allows us to determine your ability to do the job, with a high emphasis on your attendance, and overall employee conduct and performance.  Your employment will be subject to the company's policies, procedures and the company handbook as adopted, revised, or deleted from time to time.

Unless otherwise noted, regular hours of operations are in-house and on-site, Monday through Friday, 8:00 a.m. to 5:00 p.m., however, additional evening and weekend hours are typical and required as job duties demand.

Steel-toed shoes are required for all employees working in the shop, or if your duties require you to be on the shop floor for prolonged periods.  Due to comfort and preference, steel-toed shoes are at the expense of the employee.  Safety glasses are also required in the shop.  Your initial glasses will be provided, but you may supply your own if you have a preference.  Regular prescription glasses qualify as safety glasses; however, additional eye protection may be required.

Full-time employees are eligible for company benefits including insurances, PTO and holiday pay as outlined in the employee handbook.

Holiday Pay:  Full-time employees are eligible for 6 paid holidays upon hire.

Group Benefits:  The 2024-25 benefits provide employee-only coverage for Medical/Rx at the employee's cost of $66.83 per pay period.  Company paid benefits include employee-only coverage for Dental, Vision, Short Term Disability, Life/Accidental Death & Dismemberment (AD&D) insurances.  Employees have the option to purchase

Long Term Disability, and additional family coverage for Medical/Rx, Dental, Vision, and Term Life/AD&D.  Group benefits are effective the first of the month following 60 days of employment.

Paid Time Off:  Upon hire, you will be eligible for 88 hours of prorated PTO effective on 03/01/2025.

Your employment with Progen is at-will, which means either you or the company may terminate the relationship at any time, with or without cause or advance notice.  Nothing contained in this offer of employment is to be construed as an employment contract.  All employees are expected to sign a confidentiality and non-disclosure agreement as a condition of employment.  The unauthorized use of confidential information of prior employers or any other third parties is prohibited, and a disclosure of any such employment restrictions is required.

Upon hire you will meet with Human Resources to complete employment forms and discuss benefits.
•    The IRS requires Progen to enter your name exactly as it appears on your Social Security card, therefore a valid Social Security card is requested.

•    The Department of Homeland Security Form I-9 must be completed no later than your first day of employment.  Failure to provide appropriate documentation for Form I-9 within three days of hire will result in immediate termination of employment in accordance with the terms of the Immigration Reform and Control Act.

•    Progen participates in E-Verify and will provide the federal government with your Form I-9 information to confirm that you are authorized to work in the U.S.

, we are excited for the opportunity to add you to the Progen team.  We hope you share our confidence that a mutually beneficial relationship will result from your acceptance of this position.  Please indicate your acceptance of our offer by signing below.  As soon as your job acceptance is received, we will setup and notify you of the pre-employment screening procedures that must be completed before you are able to begin working.  If you have any questions regarding this offer, please contact me at 863-943-6229, or email DS@Progen1.com.

Sincerely,

*Donna Sholar*

Donna Sholar

VP of Administration, SHRM-SCP



I have read and understand the provision of this offer of employment, and I accept the above conditional job offer.  I understand that my employment with Progen Industries, LLC is considered at will meaning that either the company or I may terminate this employment relationship at any time with or without cause or notice.